## STATE vs. ROBERT COOK.

*Criminal Law—Female Child ; Lasciviously Playing With—Indictment Must Specifically Inform Defendant of the Offense—Evidence—Other Lascivious Acts of Defendant Not Material.*

1.   The indictment must definitely and specifically inform the defendant of the offense which he is to meet.

2.   In a trial for lasciviously playing with a female child it is not competent for the State to ask the prosecuting witness if there was anything the matter with her after the date of the alleged offense.

3.   Nor is it competent or material for the State to show that the defendant committed other acts of a lascivious nature with the prosecuting witness.

(*February 7, 1902.*)

JUDGES PENNEWILL and BOYCE, sitting.

*Herbert H. Ward*, Attorney-General, and *Robert H. Richards*, Deputy Attorney-General, for the State.

*L. Irving Handy* for the defendant.

Court of General Sessions, New Castle County, February Term, 1902.

INDICTMENT FOR LASCIVIOUSLY PLAYING WITH A FEMALE CHILD.

The indictment charged that the defendant, on the night of the 23d of December, 1901, " unlawfully, lewdly and lasciviously " played with one Gracie Ellen Sandy, a female child under the age of 16 years, at the latter's home in the City of New Castle.

*Handy*, for defendant, moved to quash the indictment on the ground that it did not fully inform the defendant of the nature and

character of the offense he was called upon to meet, but merely stated a conclusion of law.

1 *Bishop's New Criminal Procedure*, *Secs. 623 and 625; United States vs. Cruikshank, 92 U. S. Supreme Court Reports, 542 (593); United States vs. Ford, 34 Fed., 27; State vs. McDowell, 1 Pennewill, 2.*

*Ward,* Attorney-General, argued in support of the sufficiency of the indictment.

PENNEWILL, J. :—The Court hold that the language of the indictment is sufficient to apprise the defendant of the specific charge which he has to meet; and after all that is the test. It will be observed that the language used is not only that Robert Cook played with a female child, not only that he unlawfully played with her, but that he unlawfully, lewdly and lasciviously played with Gracie Ellen Sandy, a female child, etc. We think, therefore, that it comes within the rule laid down in the case referred to where the charge was for having sexual intercourse, and we think this indictment definitely and specifically informs the defendant of the charge which he is to meet, as did the indictment in that case. The motion, therefore, is denied.

The witness was asked by the Deputy Attorney-General if there was anything the matter with her after the 23d of December, 1901.

(Objected to by counsel for defendant as irrelevant. Objection sustained.)

Q. After this morning, when you say that Mr. Cook came to your room and played with you, did he ever come back to you anywhere and do any such thing?

(Objected to by counsel for defendant as irrelevant; citing the

unreported case of *State vs. Cunningham*—being an indictment for' using a female child for the purpose of sexual intercourse—where a similar question had been ruled out by the Court).

*Richards, Deputy Attorney-General:*—We offer this evidence for the purpose of proving, within a very limited period of time, other acts of a lascivious and lewd nature, as going to show the intent of the defendant at the time the offense charged in the indictment was committed.

PENNEWILL, J.:—We think, under the ruling in the case of *State vs. Cunningham,* that this question is inadmissible.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—The respective counsel have not asked the Court to instruct you upon any question of law, for the reason, we presume, that there are no questions of law involved in this case. The question to be determined is simply one of fact, and it is for your determination alone.

Robert Cook, the defendant, is charged in this indictment with unlawfully and lewdly and lasciviously playing with Gracie Ellen Sandy, she, the said Gracie Ellen Sandy, being then and there a female child under the age of 16 years. The indictment is based upon a statute of this State, which was passed February 21, 1881, being *Chapter 545, Vol. 16, Laws of Delaware (Rev. Code, 956),* which— as amended by *Chapter 126, Vol. 20, Laws of Delaware*—provides that if any person shall lewdly and lasciviously play with any female child under the age of 16 years, he shall be deemed guilty of a misdemeanor.

If you should believe, from the testimony in this case, beyond a reasonable doubt, that Robert Cook, the defendant, committed the

offense charged in this indictment, your verdict should be guilty. If you should not so believe your verdict should be not guilty.

Verdict, guilty.