## STATE *vs.* WLADISLAW DLUGOZIMA.

*Criminal Law—Indictment—Using a Female Child for the Purpose of Sexual Intercourse—Evidence—Statute—What State must Prove.*

1. A witness having testified on her *voir dire*, in response to a question of counsel for the defendant, that she believed in the sanctity of an oath, cannot be asked in such examination if she did not say to a certain person at a certain time and place that an oath did not amount to anything. But after she is regularly sworn as a witness such question will be allowed, not as affecting her competency but her credibility.

2. In a trial for using a female child for the purpose of sexual intercourse, there being but one such act alleged in the indictment, the State cannot prove other acts of a like character.

3. The defendant is not permitted to ask the prosecuting witness, for the purpose of contradiction, if she did not say she never had any trouble before with the defendant, because such question is not sufficiently relevant.

4.   The State may ask the prosecuting witness if she is pregnant as the result of her sexual intercourse with the defendant, it being, if proved, a circumstance to go before the jury in corroboration of the charge made by her.

5.   The State may not ask the defendant in cross examination if he was not discovered several months after the alleged offense was committed with his hands on the person of the prosecuting witness, and her clothes up.

6.   The defendant cannot put in testimony, in reply to that of the State, which he should have introduced when putting in his defense.

7.   Under an indictment for using a female child for the purpose of sexual intercourse, it is necessary for the State to satisfy the jury beyond a reasonable doubt that the prisoner used the prosecuting witness for the purpose of sexual intercourse.   In order to find a verdict against the prisoner the jury must be satisfied, *first*, that the prosecuting witness was a female under the age of eighteen years; *second*, that being such, the defendant used her for the purpose of sexual intercourse, and within the county.

*(January* 7,   1909.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Andrew C. Gray*, Attorney-General, for the State.

*James Saulsbury* for the defendant.

Court of General Sessions, New Castle County, January Term, 1909.

INDICTMENT (No. 24, January Term, 1909) for using a female child for the purpose of sexual intercourse.

At the trial, Eva Dlugozima, being duly sworn through a sworn interpreter (Wanda Poniecka), on her *voir dire*, testified as follows:

*By Mr. Saulsbury:*

Q.   Do you believe in the sancity of an oath?

A.   I do.

Q.   On Monday, November 30th, 1908, did you or did you not say to Paul Dlugozima, in your home, that an oath did not amount to anything, or words to that effect?

(Objected to by Mr. Gray, on the ground that the witness had stated that she believed in the sanctity of an oath, and that that was as far as counsel for the defendant was entitled to go on the *voir dire* examination).

GRUBB, J.:—We overrule the question.

(The witness was here sworn regularly through the above mentioned interpreter, and her examination on behalf of the State proceeded as follows):

*By Mr. Gray:*

Q. How old are you?

A. I am fifteen years old the first of last May.

Q. Do you know the defendant?

A. I do.

Q. Is he any relation of yours?

A. He is; he is my father's brother's son.

Q. Did he live at your house last spring?

A. He did.

Q. During what time?

F. He lived there for five years, and left there in May.

Q. Of last year?

A. Last May.

Q. Did he, last spring, while living at your house, have sexual intercourse with you?

A. He did.

Q. Where?

A. At my home in my room in the morning.

Q. Where was your mother at those times?

A. Mother was downstairs preparing a meal.

Q. How often did the defendant have sexual intercourse with you last spring at your home while he was living there?

(Objected to by Mr. Saulsbury, counsel for defendant, as irrelevant, only one offense being alleged in the indictment).

Mr. Gray:—The offense is laid on a certain date, then various other dates during said year, to the jurors unknown.

GRUBB, J.:—The Court consider that you must confine your testimony to the instance which you intend to rely upon in this

case to prove the defendant's guilt,—the particular instance of using this girl as alleged. We rule the question out. It is too general.

Q. Did he or not have sexual intercourse with you during the latter part of April, or the first part of May, of last year, while living at your home?

A. He did.

(In cross examination, Mr. Saulsbury questioned the witness as follows:)

X. Did you or did you not, on the 22d day of September of last year, in the Municipal Court of the City of Wilmington, in the presence of the Judge, Chief of Police, Mr. Jacobowski and others present, testify that you never had any trouble before with Wladislaw Dlugozima?

(Objected to by Mr. Gray, as irrelevant. Mr. Saulsbury states that he is laying the ground for contradiction).

GRUBB, J.:—You must do that upon a subject that is rele-vant to this case, otherwise you cannot call anybody in contradiction. We think the question is not sufficiently relevant to this case, and sustain the objection.

X. Did you or did you not, at the magistrate's office, when you had the defendant arrested on this charge, make the state-men that the last time he did anything to you was in March?

A. I said that was the first time.

X. Did not you say that was the last time?

A. No, sir.

X. Did you or did you not, on Monday, November 30th of last year, at your home in the City of Wilmington, say to Paul Dlugozima that an oath did not amount to anything, or words to that effect?

(Objected to by Mr. Gray, who states that a single declaration of the kind indicated cannot go to affect the credibility of the witness. The witness has sworn in this Court that she believes in the sanctity of an oath. To affect her credibility; there must be open, notorious and frequent declarations known to the people among whom she associated, or to several of them.)

GRUBB, J.:—The Court think that this question is admissible; not as affecting her competency or going to her admissibility as a witness, but as to her credibility, in the opinion of the jury, after a consideration of all the facts in the case, so far as the jury may think that it has or has not affected her credibility.

A.   I did not say anything in reference to the oath, because they know what an oath is and I would not talk about it.

*By Mr. Gray:*

Q.   Are you at the present time pregnant?

(Objected to by Mr. Saulsbury, counsel for defendant, as immaterial.   Mr. Gray states that this was a matter which was in corroboration of the charge made by the prosecuting witness).

GRUBB, J.:—That is a circumstance to go before the jury. We think it is admissible.

A.   Yes, sir.

Q.   As the result of your sexual intercourse with the defendant here?

A.   Yes, sir; because I did not have intercourse with anyone else.

(The State rested, and Mr. Saulsbury produced the defendant, who testified, among other things, as follows:)

Q.   It has been testified by Eva Dlugozima, that in the latter part of April or the first part of May, you had sexual intercourse with her.   I will ask you if that is true?

A.   That is not true.

Q.   Did you ever have sexual intercourse with Eva Dlugozima?

A.   No, sir.

*By Mr. Gray:*

X.   Were you not at her home in the month of August of last year, with this girl, Eva, in the parlor or sitting room, and discovered with your hand on her person, and her clothes up?

(Objected to by Mr. Saulsbury, counsel for defendant, as immaterial—the State being confined to the original date laid in the indictment—and not in cross examination.)

GRUBB, J.:—Was this after the arrest?

*Mr. Gray:*—Before the arrest.

GRUBB, J.:—You only have one count in the indictment—using her for the purpose of sexual intercourse.

*Mr. Gray:*—Yes, sir. While the charge is sexual intercourse, yet what I am attempting to prove is a circumstance that corroborates the testimony of the prosecuting witness that the defendant had sexual intercourse with her, and is to be taken into consideration by the jury, to affect his credibility.

G RUBB, J.:—We think it is probably a little too remote, and the Court rule against your question.

*August Ferschke*, a witness being produced, sworn and examined, on the part and behalf of the State, in rebuttal, testified as follows:

*By Mr. Gray:*

Q. Were you present at Squire Robertson's office when Eva Dlugozima had the defendant here arrested?

A. Yes, sir.

Q. Did you act as interpreter at that hearing?

A. Yes, sir.

Q. I will ask you whether or not, at that hearing, Eva Dlugozima said that in March, 1908, was the last time that this prisoner had had sexual intercourse with her?

A. My recollection is that she said it was the first time, sometime in March.

Q. Did she say that the last time was in March?

A. No, sir.

(The State closed its testimony, and Mr. Saulsbury asked to be permitted to produce a witness to impeach the testimony of the last witness offered by the State).

GRUBB, J.:—You attempted to impeach the testimony of the prosecuting witness after laying the proper ground. You called the defendant to contradict and impeach her. You had an opportunity to call others than the defendant for that purpose, and you did not do it. The State contradicted the defendant,

and you should have gotten all your testimony in when you had the opportunity. It is now too late. The State has prepared itself to rebut, as far as it can, your testimony; and this would be simply cumulative testimony on that point which you should have put in when you were putting in your defense. We must decline to grant your request.

GRUBB, J., charging the jury:

Gentlemen of the jury:—You have been empaneled to try the case of *State vs. Wladislaw Dlugozima*, who is charged in the indictment with using Eva Dlugozima for the purpose of sexual intercourse, she at the time being under the age of eighteen years. The indictment is drawn under an act found in *Chapter* 686, *Volume* 18 *of the Laws of Delaware*, passed in 1889, as subsequently amended March 29, 1895, *Volume* 20, *page* 192, *Laws of Delaware*, entitled "*An Act for the Better Protection of Female Children.*" The design of said Act is to protect the chastity and good morals of female children. And we will say to you that the consent of the female, even if proved, would be no excuse or defense for the act, if committed, which the law has declared to be a crime, on grounds of public interest and welfare.

We will also say to you, as we have been requested to do, that every accused person is presumed to be innocent until he is proven to be guilty beyond a reasonable doubt, by the evidence before the jury.

A reasonable doubt, within the meaning of the law, is not a vague, fanciful, imaginary or even possible doubt, but such a substantial doubt as fair-minded, intelligent jurors may reasonably entertain after a careful consideration of all the evidence in the case before them.

Under this indictment it is necessary for the State to satisfy you, beyond such a reasonable doubt as I have defined to you, that the said prisoner used the said prosecuting witnesss for the purpose of sexual intercourse. In order to find a verdict against him, you must be satisfied, *first*, that Eva Dlugozima was a female under the age of eighteen years, *second*, that being such, the

defendant used her for the purpose of sexual intercourse; and that that was done within this county.

You have heard the evidence upon each of these essential elements of this crime. You are the judges of the facts, subject to the law as given to you for your guidance by the Court.

Where the evidence is conflicting, as it is in this case, it is the duty of the jury to reconcile such conflict of evidence if they can. If they cannot, they are to receive and act upon such of the evidence as they shall deem the more worthy of credit and belief.

The actual fact of the sexual intercourse in this case depends upon the evidence of one witness alone,—the prosecuting witness. Her evidence is contradicted by the defendant. As the duty is upon you to determine between the two, as to the actual fact of sexual intercourse, it is for you to make up your minds as to which of the two witnesses has told the truth, after comparing the testimony of each with all the other testimony in the case. For your assistance in determining the credibility of witnesses, we will suggest to you that one of the considerations is, which of the two is more influenced or biased by prejudice or interest. On the one side, the defendant is here accused of a crime. Whether his interest or bias may affect his testimony, is for you to determine. The prosecuting witness is here on her side, with this affair before the public, and you are to determine what interest or bias she may have to pervert the truth, if any. That is one of the salient features of the case, which necessarily presents itself to your minds to determine, as between the comparative credibility and trustworthiness of these two witnesses: There are other considerations also, by which you will determine the respective credibilty of these two main witnesses, which will occur to your own minds without any further suggestion from the Court.

With these remarks for your guidance, we leave the case in your hands, to find such a verdict as you deem just and proper under the evidence before you, and in accordance with the instructions of the Court as to the law applying to these facts.

Verdict, guilty with a recommendation to mercy.