## STATE *vs.* PETER GRECO.

(*March* 13, 1918.)

1. RAPE—ASSAULT WITH INTENT.

The element of intent is an essential ingredient of the crime of assault with intent to rape.

2. RAPE—ASSAULT WITH INTENT—EVIDENCE.

In a prosecution for assault with intent to rape, the particular intent with which the assault is made may be shown either by direct or circumstantial evidence; that is, by the express declarations or confession of accused, or by his acts and conduct, from which the intent reasonably and naturally may be inferred.

3. CRIMINAL LAW—EVIDENCE—PROOF OF OTHER OFFENSE—GUILTY KNOWLEDGE.

Proof of a distinct independent offense, other than that in issue, though embracing acts of the same general kind, as those surrounding the offense charged, is not admissible to establish the latter,—a rule subject to certain exceptions, as when it is necessary to show a particular intent to prove guilty knowledge.

4. CRIMINAL LAW—ASSAULT TO RAPE—GUILTY KNOWLEDGE—OTHER OFFENSE.

In prosecution for assault to rape, testimony of female witness, other than prosecutrix, as to defendant's like assault upon her in the same vicinity

three days before that upon prosecutrix, was inadmissible to show guilty knowledge or intent.

5. RAPE—ASSAULT WITH INTENT—PROOF OF ELEMENTS OF OFFENSE.

The offense of assault with intent to rape embraces not only assault with violence, but also intent to rape.

6. ASSAULT AND BATTERY—"ASSAULT".

An "assault" is an unlawful attempt by force or violence to do injury to the person of another, with the present ability to accomplish the attempt.

BOYCE, and CONRAD, J. J., sitting.

*David J. Reinhardt*, Attorney General, and *Percy Warren Green*, Deputy Attorney General, for the state.

*J. Frank Ball* for defendant.

Court of General Sessions, New Castle County, March Term, 1918.

INDICTMENT No. 76, January Term, 1918.

Peter Greco was tried on an indictment charging him with an assault with intent to rape. Verdict of guilty, defendant suing out writ of error, which was dismissed for failure to prosecute.

The prosecuting witness testified that on the morning of November 27, 1917, at about 7:15 o'clock, while she was proceeding on Clayton street, in the city of Wilmington, towards her home, and just as she came out from underneath the bridge under which Clayton street passes as it runs into Brandywine Park, she heard a voice and rustling of leaves and turned around and saw the accused, who at that time put his hands in his pockets and walked with his head down; that, however, she did not think he was after her, and proceeded on her way towards the Brandywine to a point about ten or twelve feet from the path where she was walking; that at about that time she felt a hand going across her mouth, with something in the hand that felt like a sponge and tasted sweet and smelled sweet; that she was then thrown to the ground and a terrific struggle ensued, which the witness described in detail, and which was finally terminated by the approach of two men, one of whom gave chase to the ac-

cused, while the other assisted the prosecuting witness to her home. The prosecuting witness testified that during the struggle she had every opportunity to, and did, identify the accused as the person making the assault upon her. After she had given her testimony, the Attorney General, in the presence of counsel for defendant and not in the hearing of the jury, informed the court that he desired to call a female witness for the purpose of proving by her that a similar assault was committed upon her by the accused, four days before, and eight squares from the place where the assault was committed upon Mary Lapsley.

The jury was directed to retire to their room, and the proposed witness was called to the stand and permitted to detail the facts and circumstances of the sssault made upon her, the means employed in making the assault being similar to those made upon the prosecuting witness, and she identified the accused as the person who made it.

Mr. Ball insisted that the testimony disclosed a distinct, separate offense, and that it was inadmissible in the case on trial. The Attorney General contended that the testimony was admissible for the purpose of proving (1) identity; (2) similarity of plan or scheme; and (3) motive or intent. 1 *Wharton's Crim. Ev.* (10*th Ed.*) 165; 2 *Wharton's Crim. Ev.* (10*th Ed.* 1659 (1667); *State v. Brown*, 3 *Boyce*, 499, 85 *Atl.* 797; *Effler v. State*, 4 *Boyce* 69, 85 *Atl.* 731.

BOYCE, J., delivering the opinion of the court:

[1-3] The indictment in this case charges that the accused did with violence assault the prosecuting witness with intent to commit rape. The element of intent is an essential ingredient of the crime charged. The particular intent with which an assault is made may be shown either by direct or circumstantial evidence; that is, by the express declarations or confession of the accused, or by his acts and conduct from which the intent may be reasonably and naturally inferred. Ordinarily evidence must be confined to the issue, so that it is a general rule that on the trial of a person for crime, proof of a distinct, independent offense, though it embraces acts of the same general kind as those surrounding

Opinion.

the offense charged, is not admissible to establish the latter offense. This rule is subject to certain exceptions, as when it is necessary to show a particular intent for the purpose of proving guilty knowledge.

In *State v. Brown*, 3 *Boyce*, 499, 83 *Atl.* 797, this court, after recognizing the principle that the element of intent is an essential ingredient of the crime charged, and the act done is claimed to have been innocently or accidentally done, or by mistake, or when the result is claimed to have followed an act lawfully done for a legitimate purpose, or where there is room for such an inference, it is proper to characterize the act by proof of other like acts producing the same result, as tending to show guilty knowledge, and the intent or purpose with which the particular act was done, and to rebut the presumption that might otherwise obtain (*People v. Seaman*, 107 *Mich.* 357, 65 *N. W.* 203, 61 *Am. St. Rep.* 326), said:

"Where, however, the intent is not required to be specifically proved, or from the nature of the offense under investigation proof of its commission as charged necessarily establishes the criminal intent, or the intent is a necessary conclusion from the act done, evidence of the perpetration, or attempted perpetration, of other like offenses, should not be admitted."

In *Effler v. State*, 4 *Boyce* 62, 85 *Atl.* 731, the Supreme Court said:

" *    *    *    It appears, to prove identity, that there must be some connection between the two offenses, and it is not sufficient that they be similar offenses committed by the same person. Almost if not quite the same stringency of proof is required to prove identity of party by this kind of testimony as is required to show system or plan. We do not find the two offenses to be connected in such a manner as would make competent and relevant the proof of the similar offense to prove identity of the accused."

[4] There is in the case now before the court, a separation as to the time of the commission of the offense charged and the offense concerning which the witness has given testimony to the court in the absence of the jury. And there is not disclosed by her testimony any connection between the two offenses beyond that of proximity as to the time of their commission (three days), similarity of means employed in making the two assaults, and

the identity of the person making them.    In the application of
the principle of the exception invoked, the limitation placed upon
it by the court in the Effler Case is, we think, controlling in this
case.   We are constrained to hold that proof of a similar assault
upon the witness, now before the court, is not admissible to show
guilty knowledge or intent in the commission of the offense for
which the accused is being tried.   We decline to allow the testi-
mony to be given to the jury.

The court directed that the jury return to the courtroom.

At the conclusion of the testimony and arguments of counsel,
BOYCE, J., charged the jury in part:

The indictment in this case charges that Peter Greco, with
violence, did assault Mary Lapsley against her will with intent
her to ravish and carnally know, in Wilmington hundred, this
county, on the twenty-seventh day of November, 1917.   The
offense charged is commonly known as an assault with the intent
to commit rape.   Rape is defined to be the carnal knowledge of a
woman, above the age of ten years, by force and against her will.

It is provided by *Rev. Code* 1915, § 4707, that if any person
shall, with violence, assault any female with intent to commit
rape, such person shall be deemed guilty of felony, etc.

[5, 6]   The offense embraces not only an assault with violence,
but also an intent to commit rape.   It is incumbent upon the state
to sustain the charge by satisfactory proof with respect to both
ingredients of the crime before there can be a conviction of the
accused in manner and form as he stands indicted.   An assault
is an unlawful attempt by force or violence to do injury to the
person of another, with the present ability to accomplish the
attempt.

If you find that the accused made an assault upon the
prosecuting witness, then your inquiry will be with what intent
was the assault made, was it made with the intent to commit
rape?   The particular intent with which an assault is made may
be proved by positive or circumstantial evidence, that is, by
the declarations or confession of the accused that he committed
the assault with the intent charged, or by the acts and conduct

Charge—Verdict.

of the accused, and other circumstances from which such intent may reasonably and naturally be inferred.

It is not denied that a violent assault was made upon the prosecuting witness at the time and place as laid in the indictment, but the accused denies generally that he committed the crime charged against him. He also relies upon an alibi; that is, he claims that he was at another place at the time the offense was committed.

If you find beyond a reasonable doubt that the accused with violence, committed an assault upon Mary Lapsley, against her will, with intent her to ravish and carnally know, your verdict should be guilty in manner and form as he stands indicted.

If you find that the accused committed the alleged assault, but without intent to commit rape, your verdict should be guilty of assault. If you find that he did not commit the crime charged, or if you entertain a reasonable doubt as to his guilt, your verdict should be not guilty.

Verdict, guilty with recommendation to mercy.

Motion for new trial based on usual grounds was refused, and sentence being imposed, counsel for accused thereupon filed a praecipe for writ of error with the clerk of the Supreme Court, and a supersedeas bond, duly approved, with the clerk of the peace for New Castle county. At the following June term, 1918, of the Supreme Court, on motion of the Attorney General, the writ of error was dismissed because the convict had failed to prosecute his writ of error according to law and the rules of the Supreme Court, and he was subsequently resentenced and committed by the trial court.