STATE *vs.* TOLBERT HANDY.

CRIMINAL LAW—ADMISSIBILITY OF EVIDENCE OF OTHER OFFENSES.
　　In prosecution for receiving from A. a watch stolen by him, testimony that A. had delivered to accused other articles of jewelry stolen from the same store was admissible, not to prove the offense charged, but on the question of guilty knowledge of accused.

(*November 6, 1919.*)

BOYCE, J., sitting.
*P. Warren Green*, Deputy Attorney-General, for the State.
*Philip L. Garrett* for the accused.
Court of General Sessions for New Castle County, November Term, 1919.

INDICTMENT No. 24, November Term, 1919.

Tolbert Handy was indicted for receiving stolen goods. Verdict guilty.

Evidence was introduced by the State to show that one A. was employed as a porter in a jewelry store, on the northeast corner of Fifth and Market Streets, in the city of Wilmington, and the accused was employed in a like capacity in a department store, on the southeast corner of the same streets; that the particular article laid in the indictment, a watch valued at forty dollars, was stolen by A. from the store where he was employed and sold to the accused for five dollars.

The State also offered testimony to show other deliveries by A. to the accused of other articles of jewelry stolen by A. from said store. Counsel for the accused objected on the ground that the indictment charged the accused with receiving a certain watch, knowing it had been stolen, and that other transactions between A. and the accused could not be shown to establish the guilt of the accused. The State contended that the testimony was admissible to show guilty knowledge of the accused that the watch had been stolen at the time he received it. Citing *State v. Freedman,* 3 *Pennewill* 403, 405, 53 *Atl.* 356; *State v. Greco, ante,* 104 *Atl.* 637.

BOYCE, J.:—Testimony of other similar acts is admissible within certain limitations, not for the purpose of proving the offense charged, but for the consideration of the jury in determining the guilty knowledge or intent of the accused, at the time of the alleged commission of the offense charged. In *State v. Freedman,* 3 *Pennewill* 403, 53 *Atl.* 356, in which the accused was charged with receiving stolen goods, testimony of similar acts was admitted as tending to show that the accused had guilty knowledge that the goods were stolen. The admissibility of testimony of like character was considered by the court in *State v. Brown,* 3 *Boyce* 499, 85 *Atl.* 797; also, in *State v. Greco, ante,* 104 *Atl.* 637. The objection is overruled.

The Court will instruct the jury that evidence of other similar acts is not admitted for the purpose of proving the commission of the offense charged; but for their consideration in determining the

knowledge or intent of the accused at the time he received the alleged stolen goods.

The accused denied any knowledge that the watch had been stolen at the time he purchased it from A. He admitted purchasing at various times several other pieces of jewelry from A., and the amount he paid for each, being considerably less than the selling price.

At the conclusion of the case, BOYCE, J., charged the jury upon the law applicable to the case.

Verdict guilty.