## STATE *vs.* WILLIAM C. ELLIS

1. ADULTERY—DEFENDENT NOT GUILTY UNLESS MARRIED TO ANOTHER AT TIME.

Although defendant had sexual relations with the prosecuting witness, that fact alone did not consitute the crime of "adultery," denounced by *Act Gen. Assem. April* 9, 1917 (29 *Del. Laws, c.* 246), unless at the time he was married to another person.

2. ADULTERY—FACT OF BIRTH OF CHILD NOT SUFFICIENT "CORROBORATION" OF PROSECUTING WITNESS.

Birth of a child to the prosecuting witness is not in and of itself, standing alone, a corroboration of her testimony to the effect that defendant had sexual relations with her, as required by *Act Gen. Assem. April* 9, 1917 (29 *Del. Laws, c.* 264), "corroborative evidence" such as required, being evidence confirmatory of that given by the prosecuting witness, evidence of other persons than the prosecuting witness going directly toward establishing the fact of the commission of the crime charged (citing *Words* and *Phrases, Corroborating Evidence*).

3. CRIMINAL LAW—JURY SHOULD RECONCILE CONFLICT, BUT SHOULD ACCEPT TESTIMONY THAT IS MOST CREDIBLE.

When the evidence is conflicting, it is the duty of the jury to reconcile such conflict if they can, but if they cannot, it is their duty to accept the testimony of those witnesses who they think under all the circumstances most entitled to credit and belief.

4. WITNESSES—FACTS TO BE CONSIDERED IN DETERMINING CREDIBILITY STATED.

In determining the credibility of witnesses and the degree of credit that should be given their testimony, the jury may consider their bearing on the stand, apparent fairness or unfairness, their interest or bias, if any, and intelligence and opportunity of knowing and remembering the things about which they testify, and any other circumstances indicative of the reliability of the witness.

5. CRIMINAL LAW—DEFENDENT PRESUMED INNOCENT UNTIL PROVED GUILTY BEYOND "REASONABLE DOUBT."

Every accused person is presumed innocent until proven guilty beyond a "reasonable doubt," which does not mean a mere imaginary, whimsical or possible doubt, but a real, substantial doubt naturally arising out of all the relevent evidence in the case such as fair-minded, impartial men may reasonably entertain after a careful consideration of all the evidence.

6. CRIMINAL LAW—IF OFFENSE PROVED OCCURRED WITHIN TWO YEARS FROM FINDING OF INDICTMENT, CONVICTION MAY FOLLOW.

Ordinarily, if the offense of adultery charged was committed on some date other than that laid in the indictment, within two years from the finding of the indictment, that is sufficient, but if the state proves the commission of the offense on a particular date as laid in the indictment, and rests upon it, the jury should take that as the date on which they should find the offense was or was not committed.

Syllabus.

7. ADULTERY—CORROBORATIVE TESTIMONY REQUIRED NOT CONFINED TO EVIDENCE OF FACT OF SEXUAL RELATION.

Corroborative testimony of the prosecuting witness in a prosecution for adultery required by *Act Gen. Assem. April* 9, 1917 (29 *Del . Laws, c.* 264), is not confined to evidence of the fact of sexual relations, the requirement being met if there be corroboration of the testimony of the person with whom the offense was committed on some material element or circumstance involved in the issue of fact tending to convict the accused.

8. ADULTERY—TESTIMONY OF PROSECUTING WITNESS HELD CORROBORATED.

In a prosecution of a married man for adultery, testimony of the posecuting witness *held* duly corroborated as required by *Act Gen. Assem. April* 9, 1917 (29 *Del. Laws, c.* 264).

9. ADULTERY—EVIDENCE SUFFICIENT TO WARRANT CONVICTION.

In prosecution of a married man for adultery, evidence *held* sufficient to warrant conviction.

10. CRIMINAL LAW—BILL OF EXCEPTIONS MUST BE SIGNED DURING TERM.

A bill of exceptions must be drawn in form and signed, during the term in which the exception is proposed, unless application is made for extension of term.

11. CRIMINAL LAW—DISMISSAL WHERE BILL OF EXCEPTIONS NOT SIGNED DURING TERM.

Writ of error dismissed on motion, because a bill of exceptions had not been drawn and signed during the term in which the exceptions were proposed; no application having been made during the term for an extension of time for the preparation and signing of the bill of exceptions beyond the term.

(*November* 18, 1920)

BOYCE, J., sitting.

*P. Warren Green,* Deputy Attorney-General, for the State.

*J. Frank Ball* for accused.

Court of General Sessions for New Castle County, November Term, 1920.

INDICTMENT, No. 49, November Term, 1920.

William C. Ellis was indicted for adultery. Verdict guilty.

Evidence was introduced by the state to show that the accused was a married man, and that he conducted the Delaware Orphanage Home and Industrial School, near Hare's Corner, this county; that the prosecuting witness had lived at the Home for fifteen years, having gone there when she was ten years of age;

that during the month of June, 1919, the accused had sexual intercourse with her some four times, in her room at the Home, and always after bedtime; that on February 27, 1920, a baby was born to her, and that the accused was the father of the child; that before the birth of the child, upon the prosecuting witness informing the accused of her condition, he stated that he would take care of the baby; that D., a single woman, an inmate of the Home, attended the prosecuting witness in confinement, but after the arrest of the accused she disappeared from the Home taking four children with her; that, when the prosecuting witness was expecting to be confined, she told another inmate of the Home that the accused was the father of her baby.

Mrs. Ellis, a witness, was asked, "What is your relation to this defendant, William C. Ellis?" Counsel for the accused objected, on the ground that the state cannot prove the relationship by calling this woman, stating that, if she should say that she is his wife, the court would be bound to strike it. out, under a decision of this court. The objection was overruled, and the witness answered, "I am his wife." Counsel for the accused thereupon moved that the answer be stricken out, relying on *State v. Prettyman et al.*, 6 *Boyce*, 452, 100 *Atl.* 476.

BOYCE, J. The case cited does not support the motion. The court declines to strike out.

Testimony on behalf of the state was also introduced to show that Mrs. Ellis was a teacher in the school and was generally known by the inmates and persons outside as the wife of the accused. This testimony was objected to, but admitted by the court, subject to a motion to strike it out at the conclusion of the state's testimony.

When the state rested, counsel for the accused moved that all the testimony relating to the accused being a married man be stricken out, which the court declined to do.

The accused denied that he ever had sexual intercourse with the prosecuting witness, and that at the time it is charged he did, he was absent from the school, namely, from June 10th until July 1st; he also denied that he sustained "any relation" to the

woman who testified she was his wife. His testimony regarding his absence from the school was corroborated by Mrs. Ellis.

Mr. Green, Deputy Attorney-General, requested that the court instruct the jury in relation to corroborative evidence, required by the statute, to the effect that such requirement is met if other evidence corroborates any material evidence already in, whether that evidence goes directly to the issue or necessary legal elements in the case, or to giving solidity to a link merely in the chain of proof. 2 *Words and Phrases*, *p.* 1628; *Gildersleeve v. Atkinson*, 6 *N. M.* 250, 27 *Pac.* 477.

Mr. Ball, for accused, requested that the court charge the jury in the language of the statute; that no person shall be convicted of the crime of adultery on the uncorroborated testimony of the person with whom the offense is charged to have been committed; and that there must be corroborative evidence of something material to the issues in the case; also that the fact that a baby is born is no corroboration.

BOYCE, J., charging the jury:

In this indictment the material part of the charge is that William C. Ellis, of New Castle Hundred, in this county, on the 15th day of June in the year of our Lord, 1919, unlawfully did then and there commit adultery by having carnal knowledge of the body of one Ada Askins, he, the said William C. Ellis, then and there being the husband of a woman other than the said Ada Askins.

[1] This indictment is found under chapter 264, 29 *Delaware Laws*, 854, in which the offense complained of is defined in the following language:

"Adultery is the sexual intercourse of two persons, either of whom is married to a third person."

You will observe that, although the accused had sexual relations with the prosecuting witness, that fact alone did not constitute the crime of adultery, unless he at the time was married to another person.

In a civil action in the Superior Court in this state, it was said by the court:

"Marriage in contemplation of the common law is a civil contract, but it can only be contracted by some positive act or ceremony or solemnization recognized by the law of the place where it is entered into. But, notwithstanding, it must be so contracted, it is not in all cases necessary that the fact of its having been a contract should be susceptible of direct or positive proof as by a person who was present at the time and witnessed the ceremony. Ordinarily it may be proved by secondary or circumstantial evidence; that is, a lawful marriage may be inferred or presumed from the facts and circumstances proved that they lived and cohabited together as man and wife lawfully married to each other, proclaimed and represented themselves uniformly to be so and visited together, and were received, recognized and entertained among their relatives, friends and acquaintances as such." *Doed. Jackson v. Collins,* 2 *Houst.* 128 (133).

In the case of *State v. Cooper,* 103 *Mo.* 2266, 15 *S. W.* 327, the court said:

"The fact of marriage must be proved in a criminal case. It need not, however, be proved by direct evidence, but may be established like any other fact by circumstantial evidence. Cohabitation and the holding of each other out publically as husband and wife, as well as the admissions of the parties, are facts possessing evidential force and are admissible in evidence to prove a marriage."

So that it is for you to say, under the evidence before you, whether Ellis, the accused, had carnal knowledge of the body of Ada Askins, being at the time married to another woman as charged against him.

[2] Under the statute already cited, it is provided:

"No person shall be convicted of the crime of adultery on the uncorroborated testimony of the person with whom the offense is charged to have been committed."

The court will say to you that the birth of the child, as shown in this case, and not denied, is not in and of itself, standing alone, a corroboration of the prosecuting witness to the effect that the accused had sexual intercourse with her. Corroborative evidence such as is required by the statute is evidence confirmatory of that given by the prosecuting witness. It is evidence of other persons than the prosecuting witness which goes directly towards establishing the fact of the commission of the crime charged. It must be such evidence as adds to, strengthens, confirms, and corroborates any material testimony of the prosecuting witness. 2 *Words and Phrases,* 1628.

[3, 4] When the evidence, as in this case, is conflicting, it is the duty of the jury to reconcile such conflict if they can. If, however, they cannot do so, it is their duty to accept and be governed by the testimony of those witnesses whom they think, under all the facts and circumstances of the case, are most entitled to credit and belief, and reject the testimony of such witnesses as they think unworthy of belief. In determining the credibility of witnesses and the degree of credit that should be given to their testimony, the jury may consider their bearing upon the stand, their apparent fairness or unfairness, their interest or bias, if any they have, their intelligence and opportunity of knowing and remembering the things about which they testify, and any other facts or circumstances disclosed by the evidence which indicate to the jury the reliability or the unreliability of the witnesses or any of them.

[5] Every accused person is presumed to be innocent until he is proven guilty beyond a reasonable doubt. By a reasonable doubt in legal contemplation is not meant a mere imaginary, whimsical, or even possible doubt of the guilt of the accused; but it is a real substantial doubt naturally arising out of all the relevant evidence in the case, such as fair-minded, impartial men may reasonably entertain after a careful consideration of all the evidence in the case.

You are to determine from the evidence whether or not the accused was a married man and that as such he had sexual intercourse with the prosecuting witness, as charged in the indictment. If you so find, the offense committed constituted adultery. But you must be satisfied before you shall render a verdict of guilty in this case that the testimony of the prosecuting witness has been corroborated.

The case is now submitted to you for a verdict in accordance with the facts as you shall find them considered in connection with the law as the court has given it to you for your guidance.

The state suggesting that you be instructed that the date of the commission of the offense charged as laid in the indictment is not material, the court will say:

[6] This indictment was found at this present term of court. Ordinarily, if the offense charged was committed on some date other than that laid in the indictment, within two years from the finding of the indictment, that is sufficient. If the state proves the commission of the offense on a particular date or time as laid in the indictment, and rests upon it, the jury should take that as the date upon which they should find that the offense was, or was not, committed.

Verdict guilty.

Whereupon counsel for the prisoner moved for an arrest of judgment and a new trial, for the reason as set forth in the following opinion of the court.

Argued before BOYCE and RICE, J.J., December 7, 1920.

BOYCE, J., delivering the opinion of the court (December 10, 1920):

[7] The only reason urged before the court for a new trial is that the testimony of the prosecutrix was uncorroborated. Corroborative testimony required by the statute is not confined to evidence of the fact of sexual intercourse. The statutory requirement is sufficiently met if there be corroboration of the testimony of the person with whom the offense was committed upon some material element or circumstance involved in the issue of fact tending to convict the accused. Such testimony need not support all the necessary elements of the offense charged, and it need not be direct or positive, or sufficient to convict. It need only be in respect to pertinent, relevant facts and circumstances, tending to confirm, strengthen and support the testimony of the person with whom the offense was committed, and such as shall satisfy the jury that such person is worthy of credit and belief. 24 *R. C. L.* 779, § 63; 3 *Ency.* of *Ev.* 676, 678; *Com. v. Tarr*, 4 *Allen (Mass.)* 315.

[8, 9] It is the opinion of the court that the testimony of the prosecuting witness was corroborated within the rule of law thus announced, and that the evidence submitted to the jury was sufficient to warrant a conviction. The motion for a new trial is refused.

[10, 11] NOTE—.The prisoner was sentenced, December 13, 1920, and later in the day the court was informed that a precipe for a writ of error in the cause returnable to the January term next following had been filed with the clerk of the Supreme Court, and also that a supersedeas bond, approved by one of the judges of said court, had been filed with the clerk of the trial court. Whereupon the prisoner was released from custody. At the said January term of the Supreme Court, the writ of error sued out was, on motion of Mr. Reinhardt after notice to counsel for the convict, dismissed, for the reason "that no bill of exceptions was signed by the court below, and that no application for the extension of the time within which to sign said bill of exceptions was made by counsel representing the defendant, and that no extension of said time was had." See *Lupton v. Underwood*, 3 *Boyce*, 519, 542, 85 *Atl.* 965; *State v. Greco*, 7 *Boyce*, 140, 145, 104 *Atl.* 637, in which the writ of error was, on motion, dismissed because no record of the cause, or briefs for plaintiff in error, had been filed.