STATE *vs.* JOSEPH E. CLOUGH.

*(December 23, 1925.)*

RODNEY, J., sitting.

*James R. Morford,* Deputy Attorney-General, for the State.
*Henry R. Isaacs* for defendant.

Court of General Sessions for New Castle County, September Term, 1925. No. 111, September Term, 1925.

RODNEY, J., delivering the opinion of the Court:

■ The failure of this Court to compel the State to elect which of the two counts in the indictment it would proceed on is one ground alleged for a new trial. At the trial the defendant argued that the election must be made because, while the consent of the female would be immaterial under the count of "using" such female, yet, under the count of "taking" such female, the volunteer act of the female is an element. At the trial I was of the opinion that the entire act was framed for the protection of children under the age of eighteen years and that the consent or acquiescence was not to be considered in connection with any of the alternative means by which the statute might be violated. I still adhere to this opinion and see no ground for a new trial by reason of such ruling. The State, I feel, might have based a separate count upon each alternative word of the statute.

That the Court erred in allowing testimony of lascivious acts of the defendant toward the prosecuting witness a short time prior to the offense alleged in the indictment is also most confidently urged by the defendant.

The Court admitted testimony tending to prove that a short time before the offense alleged in the indictment the defendant, a man sixty years old, took the prosecuting witness, a female child of some ten years, into a small room back of his candy store; that there, he caused her to remove her drawers and he removed his own trousers and rubbed his private parts against the child. The propriety of the admission of this testimony must be tested first in the light of our own decisions and, secondly, in the light of reason and general authority.

■ ■ Our Courts have uniformly expressed or recognized the general rule that on the trial of a person charged with a crime proof of a distinct, independent offense cannot be admitted into evidence. *Effler v. State*, 85 A. 731, 4 *Boyce* 62, 64. To this general rule there are certain fixed and well defined exceptions which are as deeply imbedded in the law as the rule itself. One of these exceptions considered by our own Courts is to the effect that where the intent with which an alleged offense was committed is a ma-

terial element of the charge and such intent becomes an issue at the trial, proof of other similar offenses, within certain reasonable limits, is admissible, as tending to throw light upon the intention of the accused in doing the act complained of. *State v. Brown*, 85 *A.* 797, 3 *Boyce* 499, 505.

This exception becomes peculiarly applicable to the present case in view of the position which I have taken in refusing to compel the State to elect which of the two counts in the indictment would be prosecuted. The second count of the indictment alleged that the defendant "did unlawfully take" the prosecuting witness, "for the purpose of sexual intercourse." Under this count it would be necessary for the State to prove both the taking and the object or intent of the taking, and to this effect the jury was charged.

The intent, then, being so material in this case by reason of the second count, it becomes appropriate to briefly review our decision sustaining this exception to the general rule of evidence hereinbefore mentioned and the cases where such evidence has not been admitted.

Some authorities have drawn a distinction between the guilty knowledge with which an act is done and the intent at the time of doing it. 1 *Wigmore*, § 316. This distinction has not been uniformly considered in this State, and it is unnecessary to consider it in this case.

In the following cases evidence of other acts was admitted: *State v. Tindal*, 5 *Harr.* 488; *State v. Freedman*, 53 *A.* 356, 3 *Penn.* 403; *State v. Brown*, 85 *A.* 797, 3 *Boyce* 499, 505; *State v. Stiegler*, 105 *A.* 667, 7 *Boyce* 236, 257; *State v. Handy*, 108 *A.* 95, 7 *Boyce* 449; *Garboctowski v. State*, 2 *W. W. Harr.* 386, 123 *A.* 395.

In the following Delaware cases evidence of other acts of the defendant were not admitted.

In *State v. Cook*, 55 *A.* 1012, 4 *Penn.* 31, and in the unreported case of *State v. Cunningham*, cited therein, testimony of other acts of the defendant toward the prosecuting witness was excluded. A critical examination of the proffered testimony, however, clearly indicates that the rejected testimony referred to acts subsequent to the offense for which the defendant was being tried.

In *State v. Dlugozima*, 74 *A*. 1086, 7 *Penn*. 151, the question of proving prior acts of the defendant for the purpose of showing intent was not before the Court. The question objected to was, "How often did the defendant have sexual intercourse with you last spring at your home while he was living there?" The Court merely held the question too general and immediately admitted a question, "Did he or not have sexual intercourse with you during the latter part of April, or the first part of May, of last year, while living at your home?"

In *Effler v. State*, 85 *A*. 731, 733, 4 *Boyce* 62, 65, the Court, after approving the general rule, said, "Testimony of other similar offenses has been admitted in this State, as elsewhere, to show guilty knowledge or intent. \* \* \*" In the Effler Case the Court held the offered testimony could not be admitted where it had no direct connection with the offense charged.

In *State v. Greco*, 104 *A*. 637, 7 *Boyce* 140, the Court also held the proffered testimony had no direct connection with the offense charged and excluded it.

In *State v. Brewer*, 114 *A*. 604, 1 *W. W. Harr*. (31 Del.) 363, 367, the Court recognized the general rule of the admission of other acts as as well as the exceptions to it but held that the facts proposed to be proved were not sufficiently similar to the charge in the indictment and so excluded them.

From the foregoing authorities I am clearly of the opinion that the testimony of lascivious conduct of the defendant toward the prosecuting witness a short time prior to the act complained of in the indictment is admissible under the second count of the indictment.

■ I shall now consider the admissibility of the testimony under an entirely different principle which makes it applicable alike to both counts in the indictment. Just as testimony of other acts is admissible under certain circumstances to show the intent with which the act is committed and so becomes an exception to the general rule of evidence, so, too, in charges of sexual offenses involving carnal intercourse of the sexes an exception to the general rule is made, and evidence of other acts is permitted.

This exception to the general rule is founded not so much upon the desire to show the intent with which the offense alleged in the indictment was committed, but upon a broader ground of showing sexual inclination or lustful disposition of the defendant toward the prosecuting witness and making it more probable that the offense charged was committed. The distinction is partly based upon the fact that in showing the lustful desire or disposition of the defendant for the prosecuting witness you are showing a motive, i. e., a state of feeling impelling toward the act charged while intent is a mental state accompanying an act.

This exception from the general rule allowing proof of other crimes in the prosecution of sexual offenses is of widest recognition and only its application to this case needs specific comment.

Among the general authorities recognizing this exception are *Wharton's Crim. Ev.* (10th Ed.) § 42; *Underhill's Crim. Ev.* (3d Ed.) § 156; 4 *Chamberlayne's Modern Law of Evidence,* § 3226; 8 *R. C. L. "Criminal Law,"* § 198; 16 *C. J. "Criminal Law,"* §§ 1144, 1167, 1171, 1194, 1197; 1 *Wigmore* (2d Ed.) 398; note to *People v. Molineux,* 62 *L. R. A.* 193, at 329.

The authorities are almost uniform in holding that in prosecutions for adultery, incest, rape, seduction and lewdness, prior similar acts between the same parties are admissible, and the foregoing general authorities cite great numbers of cases sustaining the principle.

The facts of the case under consideration do not require that I consider or discuss the admissibility of evidence of acts of the defendant toward any person other than the prosecuting witness nor of acts occuring after the act alleged in the indictment.

If proof of prior rapes, incests, etc., committed on the same prosecuting witness by the defendant are admissible for the purpose of showing the lustful inclination of the defendant toward the witness and of making it more probable that the offense alleged in the indictment was committed even though such prior acts were in themselves crimes, I can see no reason for refusing to admit the testimony of the prior lascivious acts of the defendant toward the child in the present case in order to show the lustful desire, if

such there was, of the defendant for the prosecuting witness, and of making it more probable that the offense alleged in the indictment was, in fact, committed. 1 *Wigmore* (2d Ed.) § 399.

The whole question as to the admissibility of evidence of prior acts of the defendant is one of relevancy. Either they are relevant or they are not. If they are not, they are rejected because they are irrelevant; if they are relevant they are admitted in spite of their criminality.

A careful consideration of the reasons assigned does not disclose any error justifying the granting of a new trial, which is, therefore, refused.